**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **RENEE L. MCCRAY** | * |
| Plaintiff | * |
| v. | *   Civil No. GLR-14-3445 |
| **WELLS FARGO BANK, N.A.** | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE AND OPPOSITION OF WELLS FARGO BANK, N.A. TO THE
"PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER"
FILED BY RENEE L. McCRAY**

Wells Fargo Bank, N.A. ("Wells Fargo"), Defendant, hereby responds to and opposes the "Plaintiff's Motion for Relief From Judgment or Order" (the "Motion for Relief") (ECF Doc. 6 in this case) filed by Renee L. McCray ("McCray"), as follows:

On September 30, 2014 U.S. Bankruptcy Judge Nancy V. Alquist Court entered Proposed Findings and Conclusions in Support of Dismissal of Amended Complaint (signed September 29, 2014) effectively dismissing McCray's adversary proceeding (Adv. No. 13-00710).[1] Judge Alquist recommended dismissal because McCray lacked standing to bring her Complaint, and for the additional reason that the Amended Complaint failed to state a claim upon which relief

---

[1] The Adversary Complaint was filed by McCray in connection with her underlying Chapter 7 Bankruptcy Case, No. 13-2613 (converted from a Chapter 13 to a Chapter 7). On May 21, 2014 the Bankruptcy Court issued an Order Granting Relief From the Automatic Stay with respect to the subject property after conducting a lengthy hearing with testimony on May 13, 2014.  (ECF 79 and 78 in 13-2613)  On July 14, 2014 an Order Discharging Debtor was entered (ECF 94 in 13-2613) and on September 23, 2014 the Chapter 7 Trustee filed his Report of No Distribution (ECF 103 in 13-2613).   Thus, the Chapter 7 case is essentially concluded, with the exception of the instant motion. McCray does not address what continuing interest, if any, the bankruptcy court has with respect to issues concerning the right to enforce the Deed of Trust. McCray has repeatedly raised claims and defenses to the foreclosure in the State Court foreclosure action (Circuit Court for Baltimore City, Case No. 24012333538), and the State Court is fully capable of adjudicating the issue.

can be granted. (See ECF 1 in this case) Specifically, the Court found that Wells Fargo is the holder of the promissory note and is entitled to enforce the note, and that the rights under an associated deed of trust travel with the note. *Deutsche Bank Nat. Trust v. Brock*, 430 Md. 714 (2013).

On October 14, 2014 McCray filed in the Adversary Proceeding her "Objection and Motion to Deny Defendant's Motion to Dismiss" with so-called "Correction of Mistakes, Deed Corrections" and an "Offer of Settlement." (ECF 2 in this case) It appears that McCray filed the Objection and Motion in furtherance of yet another invalid debt elimination scheme. The filing was impossible to understand and it was equally impossible to determine what McCray wanted, except that she was apparently seeking entry of an Order which would "reconvey to the Plaintiff" the Deed of Trust to "Plaintiff's property." (ECF 2-1 in this case) To the extent that the Objection and Motion could be interpreted as some form of motion for reconsideration of the dismissal of the adversary proceeding, it was properly denied. McCray presented no coherent argument, no legal reason and no new facts which would justify disturbance of Judge Alquist's Order dismissing the adversary proceeding.

McCray next filed a "Response to Wells Fargo's Response" (ECF 4 in this case) wherein she argued that the original lender, American Home Mortgage, "never made a loan to [her]" and that it "was paid in full when it accepted [her] chatel [sic] property." However as noted by the Bankruptcy Court, McCray admitted in testimony during a hearing on a related Motion for Relief from Stay, that she had signed the note secured by the subject property. See footnote 4, page 4 of the Proposed Findings and Conclusions (ECF 1 in this case). Moreover, fanciful theories that the securitization and transfer of mortgage loans made them enforceable have been resoundingly rejected by courts as having no support in the law, most recently by the Maryland Court of Special Appeals in *Anderson v. O'Sullivan*, 224 Md. App. 501, ___A.3d____ (2015).

At no time did McCray meaningfully address the two reasons given by Judge Alquist for dismissing the Adversary Proceeding, much less show any error in the Bankruptcy Court's recommendation of dismissal.  Accordingly, on October 14, 2015, this Court properly entered an Order overruling McCray's Objections, adopting the Proposed Findings and Conclusions, and dismissing with prejudice the Amended Complaint in the Adversary Proceeding.  (ECF 5 in this case).

McCray next filed the instant Motion for Relief (ECF 6), which like her prior filings fails to address the reasons for dismissal.   For example, in the Motion McCray asserts that she "just recently discovered" that Judge Alquist's Proposed Findings and Conclusions are "moot."  Once again, McCray is confused.  What McCray is referring to is the notation at the upper left hand side of an order that pertained to her "Motion for Rule 2004 Examination" wherein the Court denied the Motion for Examination as moot in light of the Court's Proposed Findings and Conclusions.  See ECF 56 in Case 13-00710.

Related to this confusion, McCray argues that she was unaware the Bankruptcy Court had granted her Motion for a Rule 2004 Examination, and she asks that she be allowed to proceed with such examination.   But in fact, the Court had denied the Motion for Examination as "moot."[2]

In her Motion for Relief, McCray again makes arguments to the effect that no loan ever existed, or the Deed of Trust is not enforceable because her loan was allegedly securitized without her permission. However, in *Svrcek v. Rosenberg*, 203 Md.App. 705, 40 A.3d. 494

---

[2] This supposed Order "granting" the Motion, is the Order mentioned above wherein the Bankruptcy Court in the upper left hand margin denied the motion for examination as moot. The portion of the Order McCray appears to be relying on contains large lettering across the body of the text stating that it is "Not an Order."  Also of note, on May 9, 2014 the Bankruptcy Court had issued an Order quashing a "Subpoena for 2004 Examination" that McCray had served on Wells Fargo, but ordering Wells Fargo to produce documents that related to the subject of the adversary proceeding at the May 13, 2014 hearing.  Such documents, including the original note, were produced.

(2012) the Court of Special Appeals made clear that a note can be transferred freely, and when transferred, the right to enforce the deed of trust follows.  See also *Deutsche Bank v. Brock*, 430 Md. at 728 (citing *Svrcek*) and *Anderson v. O'Sullivan* at *5.  McCray has consistently ignored, as if it does not exist, the Maryland Court of Appeal's holding in *Deutsche Bank v. Brock*, upon which the Bankruptcy Court relied, that the holder of the note is entitled to enforce the Deed of Trust.  Moreover, McCray's apparent fixation on whether the Corporate Assignment of Deed of Trust was "in violation of REMIC procedures" was not an issue she raised in her objections to the Proposed Findings and Conclusions.  But even if it were raised, the issue is not relevant to the disposition of the issue in this case under the holding in *Deutsche Bank v. Brock*.[3]

In conclusion, McCray has not presented any valid grounds for the Court to alter its Order of October 14, 2015 overruling her objections, adopting the Proposed Findings and Conclusions and dismissing her Amended Complaint.

Wherefore, Wells Fargo requests that the Court enter an order denying the Motion for Relief.

    /s/ Michael S. Barranco
Michael S. Barranco, Bar No. 04036
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland  21204
Tel: (410) 494-7777
Fax: (410) 494-1658
email:  msbarranco@tph-law.com

Attorney for Defendant,
Wells Fargo Bank, N.A.

---

[3] McCray also misinterprets the errata to the Appellees' Informal Brief filed in connection with her appeal of dismissal of her claims asserted in a separate lawsuit, now pending in the Fourth Circuit.  The errata merely clarified the point that the MERS assignment of its interest in the Deed of Trust was not a transfer or assignment of the underlying debt that implicated 15 U.S.C. §1641(g), as explained in the case law. There was no change in position as McCray now asserts.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of November, 2015, a copy of the foregoing Response and Opposition of Wells Fargo Bank, N.A. to the "Plaintiff's Motion for Relief From Judgment or Order" filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:

        Renee L. McCray
        109 Edgewood Street
        Baltimore, Maryland 21229

                                    /s/ Michael S. Barranco
                                    Michael S. Barranco