UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                    101 West Lombard Street
**GEORGE L. RUSSELL, III**                                          Baltimore, Maryland 21201
United States District Judge                                              410-962-4055

March 30, 2016

MEMORANDUM TO PARTIES RE:          <u>Renee Louise McCray v. Wells Fargo Bank, N.A.</u>
                                                             Civil Action No. GLR-14-3445

Dear Parties:

Pending before the Court is pro se Plaintiff Renee L. McCray's Motion for Relief from a Judgment or Order.  (ECF No. 6).  The Motion is ripe for disposition and no hearing is necessary.  <u>See</u> Local Rule 105.6 (D.Md. 2014).  For the reasons that follow, McCray's Motion will be denied.

This dispute arises from McCray's bankruptcy adversary proceeding initiated against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), styled <u>McCray v. Wells Fargo Bank</u>, Adv. Proc. No. 13-0710-NVA (Bankr.D.Md. Sept. 29, 2014) (the "Adversary Proceeding").  (<u>See</u> ECF No. 1).  On May 23, 2013, McCray filed a lawsuit against Wells Fargo and several other defendants alleging the defendants attempted to foreclose on her property without proving they had a legal right to do so (the "District Court Action").  <u>McCray v. Fed. Home Mortg. Corp.</u>, No. GLR-13-1518 (D.Md. Mar. 27, 2015).  While the District Court Action was pending, McCray filed a petition for relief under chapter 13 of the Bankruptcy Code on September 23, 2013 (the "Bankruptcy Proceeding").  <u>In re McCray</u>, No. 13-26131 NVA (Bankr.D.Md. filed Sept. 23, 2013).  The United States Bankruptcy Court for the District of Maryland converted the case to a petition for chapter 7 relief and appointed a chapter 7 trustee.  <u>Id.</u>; (<u>see</u> ECF No. 1).  On January 31, 2014, in the Bankruptcy Proceeding, Wells Fargo asserted it was entitled to enforce an existing security interest in the subject property.  (<u>See</u> ECF No. 1).

On November 12, 2013, McCray initiated the Adversary Proceeding alleging Wells Fargo did not have the right to enforce a security interest against the subject property.  (<u>See</u> <u>id.</u>).  On September 29, 2014, the bankruptcy court issued Proposed Findings and Conclusions in Support of Dismissal of McCray's Amended Complaint in the Adversary Proceeding.  (<u>Id.</u>)  The bankruptcy court found McCray lacked standing to bring the claim against Wells Fargo because "[a]ny lawsuit that was, or could have been, initiated by a chapter 7 debtor prior to the filing of the [bankruptcy] petition becomes part of the bankruptcy estate and is subject to the direction and control of the trustee."  (<u>Id.</u>).  Also, the bankruptcy court found McCray failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because McCray signed a promissory note for a loan with American Home Mortgage (the undisputed originator of the loan) regarding the subject property and the note was endorsed to Wells Fargo, thereby making Wells Fargo the holder of the note and entitled to enforce it.  (<u>Id.</u>).

On October 14, 2014, McCray filed an Objection to the Proposed Findings and Conclusions. (ECF No. 2).  On October 14, 2015, this Court issued an Order adopting the Proposed Findings and Conclusions and dismissing McCray's Amended Complaint in the Adversary Proceeding.  (ECF No. 5).  On October 26, 2015, McCray filed a Motion for Relief from a Judgment or Order under Rule 60(b)(3).  (ECF No. 6).  On November 9, 2015, Wells Fargo filed a Response and Opposition to the Motion.  (ECF No. 7).  On November 13, 2015, McCray filed a Notice of Appeal.  (ECF No. 8).  On November 20, 2015, McCray filed a Reply to Wells Fargo's Response and Opposition.  (ECF No. 12).

"A motion under Rule 60(b) is addressed to the sound discretion of the district court." Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981) (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 (4th Cir. 1974)).  Rule 60(b)(3) allows the Court to relieve a party from a final judgment or order for fraud, misrepresentation, or misconduct by an opposing party.  A moving party must establish three factors to prevail on a Rule 60(b)(3) motion: "(1) the moving party must have a meritorious defense; (2) the moving party must prove [misrepresentation or fraud] by clear and convincing evidence; and (3) the [misrepresentation or fraud] prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co., 657 F.2d at 71).  Then, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." Id. (quoting Square Constr. Co., 657 F.2d at 71).

First, McCray argues the Court must set aside its October 14, 2015 Order because Wells Fargo misrepresented to the Court that is it the holder of the promissory note, specifically asserting that she never entered into a loan agreement with American Home Mortgage regarding the subject property.[1]  The Court finds McCray does not have a meritorious defense because she lacked standing to bring the Amended Complaint in the Adversary Proceeding.  The claim could only be brought by the appointed chapter 7 trustee.  Further, the Court finds McCray has failed to present any evidence of Wells Fargo's alleged misrepresentation.  Lastly, because McCray lacked standing to bring the action, she cannot demonstrate Wells Fargo's alleged misrepesentation prevented her from fully presenting her case.

Next, McCray argues American Home Mortgage's endorsement of the promissory note to Wells Fargo is invalid and Wells Fargo's presentment of the note in the Adversary Proceeding constitutes fraud on the court.  "The doctrine of fraud on the court is a principle to be narrowly construed and applied, and it embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform its impartial task of adjudging cases that are presented for adjudication . . . .'" Asterbadi v. Leitess, 176 F.App'x 426, 430 (4th Cir. 2006) (quoting Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)).  The conduct complained of must have been part of "a deliberate scheme to directly subvert the judicial process." Id. (quoting

---

[1] McCray previously presented this argument in her Objection to the Proposed Findings and Conclusions.  (ECF Nos. 2, 4).

Great Coastal Express, 675 F.2d at 1356).   "Thus 'fraud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney . . . ."   Great Coastal Express, 675 F.2d at 1356.  McCray, however, has failed to demonstrate Wells Fargo engaged in a deliberate scheme to directly subvert the judicial process or any other conduct directly impinging "the integrity of the court and its ability to function impartially."  Id.  As such, the Court will deny McCray's Motion.

For the foregoing reasons, McCray's Motion for Relief from a Judgment or Order (ECF No. 6) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and mail a copy to McCray at her address of record.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge

3