FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2016 APR -4  AM 11: 13

AT BALTIMORE

BY____  *flo*

| | | |
|---|---|---|
| **RENEE L. MCCRAY** | } | |
| *Plaintiff,* | } | |
| vs. | } | **Civil Action No.:  GLR-14-3445** |
| **WELLS FARGO BANK, N.A.** | } | |
| *Defendant.* | } | |
| | } | |

## PLAINTIFF'S NOTICE OF OBJECTION TO COURT ORDER DATED 03/30/16

Plaintiff, Renee L. McCray, in the above referenced case files this Notice of Objection to Judge George L. Russell, III Order dated 03/30/16 denying Plaintiff's Motion from Relief from a Judgment or Order.

### Notice of Objection

Plaintiff is not in agreement with the Order that is factually and legally inaccurate. Plaintiff objects to all statements that are untrue and all facts that were overlooked and misapprehended. Therefore, Plaintiff will point out those areas and move the Court to correct the Order. Plaintiff states the following:

1. Plaintiff objects to the Order where Judge Russell states "The bankruptcy court found McCray lacked standing to bring the claim against Wells Fargo because "[a]ny lawsuit that was, or could have been, initiated by a chapter 7 debtor prior to the filing of the [bankruptcy] petition becomes part of the bankruptcy estate and is subject to the direction and control of the trustee."

   As stated in Plaintiff's objection to Judge Alquist's Proposed Findings and Conclusions, "Plaintiff asserted she is the real party in interest since the bankruptcy trustee abandoned the property known as 109 Edgewood Street, Baltimore, Maryland in the bankruptcy case, therefore, Plaintiff's property reverted back to her as the real party in interest giving Plaintiff standing to proceed with this adversary proceeding." (Doc. 12, Pg. 3, ¶1).

1

Plaintiff also objects because she purchased a contract with the United States for honest judicial services to be provided to her by this court, by denying Plaintiff standing to proceed with the Adversary Proceeding would be denying Plaintiff due process of law.

2. Plaintiff objects to the Order where Judge Russell states "Also, the bankruptcy court found McCray failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because McCray signed a promissory note for a loan with American Home Mortgage (the undisputed originator of the loan) regarding the subject property and the note was endorsed to Wells Fargo, thereby making Wells Fargo the holder of the note and entitled to enforce it."

Plaintiff has disputed American Home Mortgage, the alleged lender, was the originator of the alleged loan numerous times throughout this proceeding. Plaintiff discovered that American Home Mortgage was not the source of the funding after filing the adversary proceeding. Plaintiff also discovered the promissory note Plaintiff signed was not evidence of a debt. Wells Fargo has not disputed Plaintiff's Duly Sworn Affidavit of Facts (Doc. 6, ANNEX 1). Wells Fargo has not contested nor rebutted any of the affidavits entered by the Plaintiff. Plaintiff's un-rebutted affidavits stand at law. Although Plaintiff has continually disputed American Home Mortgage was the source of funding for the alleged loan, Wells Fargo has never presented any material facts or admissible evidence that the funding source for the alleged loan came from American Home Mortgage. There is no proof that American Home Mortgage was the originator of the alleged loan in the record.

Plaintiff has provided undisputed evidence that the promissory note was also securitized. Once a promissory note has been converted into a stock certificate (security) it can no longer exist as note. Wells Fargo did not dispute the fact that the note was securitized. Since the note was securitized, Wells Fargo, the servicer could not be "the holder of the note and entitled to enforce it" as Judge Russell stated.

Further, Plaintiff testified that Defendant, by and through its attorneys, presented her with two different versions of the alleged note. Plaintiff also submitted into the record an Affidavit for the Record concerning the two different versions (Adv. Proc., Doc. 41). Plaintiff's affidavit was never rebutted or refuted by Wells Fargo nor their attorneys.

2

3. Plaintiff objects to the Order where Judge Russell states "…the Court finds McCray has failed to present any evidence of Wells Fargo's alleged misrepresentation…she cannot demonstrate Wells Fargo's alleged misrepresentation prevented her from fully presenting her case."

Plaintiff states Wells Fargo is a servicer not a creditor. Plaintiff disputed the Proof of Claim naming Wells Fargo as the creditor. Wells Fargo is not an injured party, secured party or creditor and has not presented any evidence that they represent an injured party, secured party or creditor. The Court has not demand Wells Fargo to prove any agency relationship to the certificate holders of the alleged promissory note (stock certificate) FREDDIE MAC MULTICLASS CERTIFICATE Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051. The Court refuses to demand Wells Fargo prove agency relationship with the alleged note holder Federal Home Loan Mortgage Corporation (Freddie Mac). Further, since Plaintiff has been denied due process and the opportunity to proceed with the Federal Bankruptcy Rule 2004 Examination the Court would be correct when it states "she cannot demonstrate Wells Fargo's alleged misrepresentation prevented her from fully presenting her case." It's not that Plaintiff has not proven her case, the problem is the Court is denying her due process to move forward with the case.

4. Plaintiff objects to the Order where Judge Russell states "McCray, however, has failed to demonstrate Wells Fargo engaged in a deliberate scheme to directly subvert the judicial process or any other conduct directly impinging "the integrity of the court and its ability to function impartially."

Plaintiff has presented to this court a Complaint and Affidavit of Criminal Complaint filed with the United States Attorney for the District of Maryland, Department of Justice of the felony crime that has been committed against Plaintiff and her property under Title 18 § 335. Wells Fargo, by and through its attorneys, have submitted this illegal Corporate Assignment of Deed of Trust into numerous court cases in Maryland. This illegal document was used for the purpose of enticing reliance by the court and Plaintiff in order to illegally present Wells Fargo as a secured party in Plaintiff's bankruptcy when in fact

3

they are not. Neither Wells Fargo nor its attorneys rebutted or refuted Plaintiff's Affidavit of Criminal Complaint.

Plaintiff states this demonstrate "Wells Fargo engaged in a deliberate scheme to directly subvert the judicial process..." as stated above. Plaintiff also asserts any attempt to take money, property or liberty under false pretenses is a crime. Fortunately for Plaintiff, because of her due diligence and steadfast pursuit of the truth, Plaintiff did discover this "Fraud on the Court." The Maryland Constitution prohibits the court from allowing taxpayers financial resources to be used in schemes of fraud, extortion and theft which is an abuse of honest judicial services. Plaintiff asserts any party in a position of authority that has notice of fraud and does not eradicate it, are complicit in the fraud and is aiding and abetting after the fact. The court's failure to adjudicate based on the facts and evidence, is denying Plaintiff due process and equal protection under the law.

Respectfully submitted,

Renee L. McCray
Without Prejudice
109 Edgewood Street
Baltimore, Maryland 21229
(410) 945-2424

## VERIFICATION

I, Renee L. McCray, Plaintiff, does hereby certify under the penalties of perjury, that the facts which as set forth in this Notice of Objection are true and correct to the best of my information, knowledge and belief.

Renee L. McCray

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Notice of Objection was sent to the following list below by First Class Mail on April 4, 2016.

Michael S. Barranco
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland 21204

Dated: April 4, 2015

Renee L. McCray